**Walter Ramirez VIAFARA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–88–00871–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 4, 1989.

---

Cruz Cervantes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., John F. Carroll, Asst. Dist. Atty., Bob Stabe, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, HUGHES and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a conviction of possession of cocaine with intent to deliver. After appellant's motion to suppress was denied, he pled guilty to the offense, and reserved his right to appeal the denial of his pre-trial motion. The court assessed punishment at 20 years confinement and a $100,000 fine.

Only appellant and the arresting officer, Oscar Burnias, testified at the suppression hearing. Appellant testified that he arrived in Houston, by plane, from Miami. He departed the airplane and asked an airline representative for directions to the gate for his connecting flight. On his way to the next gate, he stopped in the restroom, then continued on to his gate, through the security checkpoint. After appellant left the security checkpoint, Burnias grabbed him and blocked his path. Ap-

pellant was immediately surrounded by two uniformed officers and another plainclothes officer, displaying handcuffs. Appellant testified that Burnias did not give him any discretion to refuse the stop or the search of his bag.

Burnias, on the other hand, testified that, in the course of his routine duties, he noticed appellant deplane from the Miami flight. Appellant appeared nervous, so Burnias decided to follow him. After getting directions to his next gate, appellant went in the opposite direction. Ultimately, appellant went through the security checkpoint. Burnias saw an "unknown mass" in appellant's bag, on the x-ray picture. As appellant walked away from the checkpoint, Burnias walked alongside him. Burnias identified himself as a police officer and asked appellant if he could speak to him. Appellant agreed.

Burnias testified that he advised appellant that he was not under arrest and did not have to talk to Burnias, or allow Burnias to search his bag. At one point, Burnias' partner approached, and Burnias identified him to appellant. Burnias asked appellant where he flew in from, where he was going, and how long he planned to stay. He also asked appellant if he could look through appellant's bag, and after receiving appellant's permission to search, Burnias found a brown paper sack inside appellant's bag. Appellant's answers did not coincide with his plane ticket or the amount of clothes he brought with him. Upon inquiry, appellant said the brown sack contained coffee. Burnias asked if he could look inside the sack; appellant said yes. The bag contained cocaine.

Burnias testified that, although one other plainclothes officer stood away from them, there were no uniformed officers around. Neither Burnias nor his partner wore handcuffs, and their guns were not visible. He did not block appellant's path, and upon approaching appellant, told him that he was not required to stop.

Appellant complains on appeal that Burnias lacked probable cause to stop appellant and that the State failed to show the stop and search were consensual.

Whether appellant's consent was given voluntarily is a question of fact. If the testimony of the officer is to be believed, no police misconduct occurred, and appellant consented to the stop and search. The trial judge was the trier of fact, the sole judge of the credibility of the witnesses, and the weight to be given their testimony. *Paulus v. State*, 633 S.W.2d 827, 851 (Tex.Crim.App.1981) (op. on reh'g). The court was entitled to reject all or any part of appellant's testimony pertaining to the events at issue. *Id.* This Court is not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). A police officer does not violate a person's constitutional protections by merely approaching an individual in a public place and asking him if he is willing to answer questions. *Gearing v. State*, 685 S.W.2d 326, 328 (Tex.Crim.App. 1985) (op. on reh'g).

Appellant's points of error are overruled, and the judgment of the trial court is affirmed.