Tommy Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00312–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 1995.

Discretionary Review Refused Feb. 7, 1996.

John Donahue, Houston, for Appellant.

John B. Holms, Jr., Andrew J. Cozby, Jeff Vaden, Houston, for Appellee.

Before OLIVER–PARROTT, C.J., and WILSON and MIRABAL, JJ.

## OPINION

WILSON, Justice.

Appellant, Tommy Ray Williams, pled not guilty to a charge of assault and was convicted after a bench trial. The trial court assessed punishment at one-year confinement in the Harris County jail and then probated the sentence for one year.

On appeal, appellant argues (1) the evidence was legally and factually insufficient to support his conviction and disprove his claim of self-defense, and (2) the trial court erred in denying his motion for a new trial. We affirm.

**Procedural history**

■ Appellant was convicted and sentence was imposed on November 30, 1994. Appellant timely filed a motion for new trial. The motion was then denied by the trial court on March 10, 1995. Appellant filed a notice of appeal the same day his motion was denied, but did not file a motion for extension of time

to file notice of appeal until September 1, 1995.

The rules of appellate procedure provide that if a motion for new trial is timely filed, notice of appeal shall be filed within 90 days after the sentence is imposed or suspended in open court. Tex.R.App.P. 41(b)(1). Therefore, appellant's notice of appeal was due to be filed on February 28, 1995, the 90th day after his sentence was imposed. However, an extension of time for filing notice of appeal may be granted by a court of appeals if the notice is filed within 15 days after the last day allowed and within the same period a motion is filed reasonably explaining the need for such extension. Tex. R.App.P. 41(b)(2).

Under the provisions of rule 41(b)(2), appellant could timely file notice of appeal with this Court until March 15, 1995, as long as a motion requesting an extension of time was also filed within the same time period. Appellant's notice of appeal was filed on March 10, 1995, within this additional 15-day period, but his motion for extension was not filed until September 1, 1995, 168 days after the last day allowed under rule 41(b)(2). Although appellant did not timely file his motion for extension, this Court granted his motion on September 28, 1995.

This court has previously held a notice of appeal filed within the 15-day grace period provided by rule 40(b)(2) is sufficient to invoke this Court's jurisdiction, even in the absence of an accompanying motion for extension of time. *Boulos v. State,* 775 S.W.2d 8, 9 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). In *Boulos,* this Court held jurisdiction was authorized under Tex.R.App.P. 83 and Tex.R.App.P. 2(b), and determined it was appropriate to consider the defendant's points of error in order to preserve his constitutional right to effective assistance of counsel and to avoid post-conviction relief claims. *Id.* at 9.[1]

---

1. *See also Sanchez v. State,* 885 S.W.2d 444, 446 (Tex.App.—Corpus Christi 1994, no pet.) (filing of notice of appeal within 15-day grace period, absent a timely filed motion for extension, vested court of appeals with jurisdiction). *But see contra Olivo v. State,* 894 S.W.2d 58, 59–60 (Tex. App.—San Antonio 1995, pet. granted) (requesting a definitive ruling on the issue from the Court of Criminal Appeals); *Jones v. State,* 900 S.W.2d 421, 423 (Tex.App.—Texarkana 1995, no pet.) (citing *Olivo* and joining the "El Paso court" [sic] in requesting a ruling on the issue).

Rule 2(b) is entitled "Suspension of Rules in Criminal Matters," and provides in part:

Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

TEX.R.APP.P. 2(a) provides that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law." Rule 83 provides, in part:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities. . . .

The Court of Criminal Appeals has recently addressed the scope of the authority of courts of appeals under Rule 2(b) in *Garza v. State,* 896 S.W.2d 192, 194–95 (Tex.Crim.App. 1995). In *Garza,* the court of appeals affirmed a defendant's convictions and denied his motion for rehearing. *Id.* at 193. More than 30 days after the defendant filed a petition for discretionary review with the Court of Criminal Appeals, the court of appeals withdrew its opinion and issued a new opinion reversing and remanding the case to the trial court for a new trial. *Id.* This action by the court of appeals fell outside the 15–day period provided for courts of appeal to "reconsider and correct or modify the opinion and judgment of the court" on a petition for discretionary review, as set out in TEX.R.APP.P. 101.

Although the court of appeals in *Garza* did not explicitly rely on the provisions of rule 2(b), the Court of Criminal Appeals held the court of appeals acted without authority to issue its opinion on reconsideration, vacated the opinion, and reinstated the original opinion. *Garza,* 896 S.W.2d at 195. In so holding, the Court of Criminal Appeals stated:

The time limits set forth in the Rules of Appellate Procedure are not discretionary.

The courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdiction in the court of appeals where no jurisdiction exists. . . . If appellate courts were able to suspend the timetables, to which they are held to comply, there would be nothing this Court could do to promote timeliness of the appellate process and the very purpose of the Rules would be undermined.

*Id.* at 194.

This language calls for a strict application of the rules of appellate procedure. However, the situation presented in *Garza* did not involve a court of appeals invoking its initial jurisdiction over a criminal case, but dealt with a court of appeals attempting to recapture its jurisdiction after exclusive jurisdiction had passed to the Court of Criminal Appeals. *See Garza,* 896 S.W.2d at 195. We understand *Garza* to hold that the strict application of the rules is meant to apply to a court of appeals' failure to follow appellate timetables in its own actions, as distinguished from the actions of the litigants.

In addition, *Garza* did not address an appellant's constitutional right to effective assistance of counsel in presenting his appeal, or the desire of the courts to avoid unnecessary post-conviction relief proceedings. Further, *Garza* did not discuss, distinguish, or overrule either *Boulos* or *Sanchez.* The issue presented here was squarely presented in *Olivo,* and although the petition for discretionary review was granted, the Court of Criminal Appeals has yet to speak on that case.

**Summary of facts**

The complainant, Norman Breaux, testified he and his girlfriend were driving through a parking lot and honked at a man and woman walking in the traffic lane. As Breaux passed the couple, he heard a loud "thump" on his car. Breaux stopped his car, got out, and told appellant, "Watch where you are walking and let the cars go by." Breaux stated appellant responded by calling him obscenities and telling him, "You are not going to tell me what the fuck to do, white man." Breaux stated he then got in his car again and began to drive away when he

heard another loud "bash" on the back of his car. When Breaux stopped his car and walked around to the passenger's side, he saw a dent in the car door and the molding laying on the ground.

As Breaux returned to his car and pulled out his cellular phone to call the police, appellant began hitting him in the face and said, "You are not calling the fucking cops." The complainant's girlfriend, Theresa Martinez, ran to a nearby restaurant to call the police. Breaux testified he managed to kick appellant in the groin twice and then grabbed a pistol from the back seat of his car and pointed it at appellant. Appellant attempted to grab the gun and both men wrestled for it before the police arrived. Martinez testified to the same series of events as Breaux. Both men were arrested.

Both parties stipulated to the contents of a statement by a witness, Catherine Russell. Russell saw a white male, presumably Breaux, brush against a black male, presumably appellant, with his car. The white male stopped his car and attempted to apologize. The black male became upset, and when the white male reached into his car, the black male went toward him, struck him, and the two began fighting. After the fight, the white male pulled out a gun and the black male went toward him, possibly to get the gun away.

Appellant testified he was walking through the parking lot with a friend when he heard a car honking behind him. Appellant stated Breaux yelled profanities at him and his friend. As Breaux drove by, his car brushed appellant's elbow, and appellant admitted he then kicked the car. Breaux stopped his car, examined it, and told appellant, "I got something for you." Appellant testified Breaux then ran around to the driver's door of the car. Appellant ran to the driver's door also, around the other side. Appellant grabbed Breaux and spun him around and Breaux then bit appellant's arm and kicked him in the chest. Appellant stated only at that point did he hit Breaux.

Appellant testified he grabbed Breaux because he thought he might be trying to get a gun out of the car. Appellant added he saw a gun in a holster under the front seat. He

further stated he never saw a phone in Breaux's hand.

## Legal sufficiency of the evidence

In his first point of error, appellant contends the evidence is legally insufficient to support his conviction. Appellant does not contest the fact that he struck the complainant; rather, he argues the State did not present sufficient evidence to disprove the issue of self-defense beyond a reasonable doubt.

In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). We review all the evidence to determine whether the State proved each and every element of the alleged offense beyond a reasonable doubt. *Id.* However, we do not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.*

The trial court, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject all or any part of the witnesses' testimony. *Viafara v. State,* 769 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1989, no pet.). The issue of self-defense is an issue of fact to be determined by the factfinder. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App.1991). A verdict of guilt is an implicit finding rejecting a defendant's self-defense theory. *Id.* at 914.

In resolving the issue of the sufficiency of the evidence, a reviewing court does not look to whether the State presented evidence that refuted a defendant's self-defense testimony, but rather should determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential

elements of the offense beyond a reasonable doubt and also would have found against the defendant on the self-defense issue beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 914; *see also* TEX. PENAL CODE ANN. § 2.04(b) (Vernon 1994).

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 1994). A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a) (Vernon 1994). However, the use of force against another is not justified in response to verbal provocation alone. TEX. PENAL CODE ANN. § 9.31(b)(1) (Vernon 1994).

■ The complainant and a witness testified appellant hit him while he was trying to call the police and before he ever attempted to pull the gun from the back seat of the car. The statement of a second witness indicated she saw a black male begin fighting with a white male, and only later saw the white male pull out a gun. Appellant testified he did not know at first whether the complainant had a gun, and hit the complainant before he pulled the gun.

The trial court implicitly rejected appellant's claim of self-defense by its verdict of guilt. The trial court, as trier of fact was entitled to believe all, some, or none of the witnesses' testimony. Viewing the evidence in the light most favorable to the verdict, we conclude the trier of fact could have found the elements of the offense of assault, and against the defendant on the self-defense issue, beyond a reasonable doubt.

We overrule appellant's first point of error.

**Factual sufficiency of the evidence**

In his second point of error, appellant requests this Court to review the factual, as opposed to legal, sufficiency of the evidence, and argues that under such review, the evidence is factually insufficient to support his conviction.

■ Appellant bases his argument for this Court to apply factual sufficiency review on *Meraz v. State,* 785 S.W.2d 146 (Tex.Crim. App.1990). In *Meraz*, the Court of Criminal Appeals held that when a reviewing court examines whether an appellant proved his affirmative defense or other fact issue where he has the burden of proof beyond a reasonable doubt, the proper standard of review is to consider whether the judgment is "so against the great weight and preponderance of the evidence as to be manifestly unjust." *Id.* at 155.

This Court has previously held the standard of review set forth in *Meraz* is applied only to affirmative defenses and other factual issues where the defendant bears the burden of proof by a preponderance of the evidence. *Bynum v. State,* 874 S.W.2d 903, 908 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *Moody v. State,* 830 S.W.2d 698, 704 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *Lopez v. State,* 824 S.W.2d 298, 303 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *Jones v. State,* 817 S.W.2d 854, 855 (Tex. App.—Houston [1st Dist.] 1991, no pet.). The Penal Code recognizes four affirmative defenses: defense to criminal responsibility of corporation or association (TEX. PENAL CODE ANN. § 7.24 (Vernon 1994)); insanity (TEX. PENAL CODE ANN. § 8.01 (Vernon 1994)); mistake of law (TEX. PENAL CODE ANN. § 8.03 (Vernon 1994)); and duress (TEX. PENAL CODE ANN. § 8.05 (Vernon 1994)).

As appellant did not bear the burden of proof on the issue of self-defense, we decline to engage in a factual review of the evidence presented. We overrule appellant's second point of error.

**Motion for new trial**

In his third point of error, appellant argues the trial court erred by not granting his motion for new trial. In his motion for new trial, appellant contends the trial court did not correctly consider the law applicable to the issue of self-defense and the verdict was contrary to the law and the evidence.

■ The decision on a motion for new trial rests within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Cruz v.*

*State,* 838 S.W.2d 682, 687 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

During argument at the guilt-innocence stage of trial, the trial court remarked as follows:

> The Court: [The complainant] slightly brushed [appellant] and apologized. Frankly, I have a little trouble believing both sides of the story. I think that both sides of the story that we heard in the courtroom are not everything. There is [sic] discrepancies but I tend to believe this witness statement. I don't think that she would have any reason to lie, and I think it's pretty clear according to this statement that [appellant] assaulted [the complainant] and I don't think it was reasonable coming around a car like he did. I think at that point reasonable behavior would have been to walk away and he may not be required to do that but—
>
> . . . .
>
> He did a little more than defend himself; he aggressed [sic]. He really struck the first blow.

The trial court did not erroneously consider the issue of self-defense, but faced with discrepancies and conflicting versions of the events chose to believe some of the witnesses' testimony. As trier of fact, it was the trial court's prerogative to judge their credibility and accept or reject any portion of the testimony. *Viafara,* 769 S.W.2d at 724. Although the trial court examined the issue of retreat, he did not find appellant was required to retreat. The trial court simply noted it would have been reasonable for appellant to walk away from the fight.

After examining the record, we conclude the trial court did not erroneously consider the issue of self-defense and the verdict was not contrary to the law or the evidence. Therefore, we hold the trial court did not commit error in denying appellant's motion for new trial and we overrule appellant's third point of error.

We affirm the judgment of the trial court.