TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00537-CR







Blake R. Robinson, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 450016, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






 In a bench trial, appellant entered a plea of not guilty to the offense of assault. See Tex.
Penal Code Ann. § 22.01 (West 1994). After finding appellant guilty, punishment was assessed at
confinement in jail for one year and a $1,000 fine. The jail time and $500 of the fine were probated for one
year. Appellant asserts three points of error, contending that error occurred in the trial court because: (1)
the evidence was legally insufficient to disprove the issue of self-defense; (2) the law of self-defense was
incorrectly applied to the facts; and (3) the evidence was factually insufficient to disprove the issue of self-defense. We will overrule appellant's points of error and affirm the judgment of the trial court.

 The events that precipitated the alleged assault arose from tension between divorced
parents having joint managing conservatorship of their minor son, Brendan. Appellant went to the day-care
center to pick up Brendan, only to find the child had already been picked up; appellant went straight to his
ex-wife's house. Lee Robinson told appellant she had picked Brendan up as a result of a
"miscommunication." Lee testified that appellant got in her face and called her the "B word." Lee stated
that she responded by putting her hand on appellant's chest and told him, "[G]et the 'F' out of here" and
that she turned and walked through her front door.

 At this point, "[H]e threw himself at me and knocked me back in . . . I hit the door jam .
. . landing back on the floor . . . I hit my head on the floor." Before appellant could leave with their son,
Lee grabbed Brendan, ran into the house, locked the door, and called the police. Lee related that she was
in pain for two days and that her injuries required medical attention. Appellant testified that Lee hollered
and screamed at him, and shoved him. He found the pushing to be "very offensive." Appellant stated that
he got excited, "I must have pushed her a little bit harder, but I just wanted to get her off me."

 Austin police officer Michael Ramsey testified that he arrived at the scene where he found
appellant outside the house. Appellant told Ramsey that a heated argument resulted in his ex-wife shoving
him and he shoved her back, stating "[He] guessed he must have pushed her too hard because she fell
backward on the ground." Appellant told Ramsey that he had not sustained any injury. Ramsey observed
a large "red and fresh" scrape on Lee's left shoulder and a bump on her head "about the size of a marble." 
Ramsey concluded that there was no doubt in his mind that "she had been assaulted that night . . . she
would have had to have been pushed into the door jam with some force." Brendan, age seven, testified
that his mom "put her hands on my dad's shoulder . . . she did not push him . . . [told him] get off my
property." He described his dad's response as pushing his mom "hard . . . she hit the door . . . she fell
down."

 Appellant urges that the sole issue is whether he reasonably believed the force he used was
necessary. Appellant urges that undisputed facts show that Lee made the first physical contact, Lee used
offensive language, appellant found her contact to be offensive, appellant did not intend to cause harm to
Lee, and he did not leave but waited for the police to arrive. The trial court having heard the testimony of
Lee, Brendan and the police officer, concluded that while the complainant had used some force against
appellant, appellant responded with excessive force.

 The prosecution is required to prove its case beyond a reasonable doubt; it is not required
to produce evidence to refute the self-defense claim. See Saxton v. State, 804 S.W.2d 910, 913 (Tex.
Crim. App. 1991). Moreover, the issue of self-defense is an issue of fact to be determined by the fact
finder. See id. Since the instant cause was a bench trial, the trial judge was the trier of fact, the judge of
the credibility of the witnesses and the weight to be given their testimony. See Costellans v. State, 810
S.W.2d 800, 807 (Tex. Crim. App. 1991, no pet.). The trier of fact is entitled to accept or reject all or
any part of the testimony given by the witnesses. Id at 807. We conclude that any rational trier of fact
could have found beyond a reasonable doubt all of the essential elements of the offense charged. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends the trial court incorrectly applied the law
of self-defense to the facts of the case. Appellant's contention is based on the trial court's failure to make
any statement about whether appellant reasonably believed that the force he used was adequate, and failure
to make any finding regarding appellant's belief. Appellant cites Ex parte Drinkert, 821 S.W.2d 953, 955
(Tex. Crim. App. 1991), for the proposition that the law of self defense requires the fact finder to view the
actions of the defendant solely from the defendant's standpoint. Id. Assuming, arguendo, that the trial
court in this cause gave the wrong reason for its decision, the reason given by a trial court is of no
consequence if the decision is correct on any theory of the law applicable to the case. See Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We find appellant's reliance on Williams v. State,
911 S.W.2d 191 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) to be misplaced. Williams held that
the trial court implicitly rejected appellant's claim of self-defense by its verdict of guilt. Id. at 195. 
Appellant's second point of error is overruled.

 In his third point of error, appellant asserts that the evidence is factually insufficient to
support the conviction. See Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd
untimely filed); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (adopting Stone test). 
Appellant directs our attention to his review of the evidence in his first point of error. In Stone, this Court
set forth the following standard for a factual review of the evidence:


[T]he court views all the evidence without the prism of 'in the light most favorable to the
prosecution.' Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 381 (citations omitted).


 After viewing all of the evidence, including the testimony of appellant and the existence of
alternative hypotheses, we conclude that the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, B. A. Smith, and Davis*

Affirmed

Filed: June 19, 1997

Do Not Publish

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



m to
Lee, and he did not leave but waited for the police to arrive. The trial court having heard the testimony of
Lee, Brendan and the police officer, concluded that while the complainant had used some force against
appellant, appellant responded with excessive force.

 The prosecution is required to prove its case beyond a reasonable doubt; it is not required
to produce e