NUMBER 13-01-140-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CARL EDWIN WALLACE, Appellant,


v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 36th District Court of San Patricio County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


Appellant, Carl Wallace challenges his conviction in a bench trial of indecency with a child. (1) Punishment was assessed at
two years in the Institutional Division of the Texas Department of Criminal Justice. We affirm. 

Background

A.B., the victim, was only thirteen years old when the incident occurred. A.B. (2) testified that on October 15, 2000, her
family was having a barbecue at her house while appellant, her next door neighbor and cousin, was also having a barbecue
at his house. A.B. testified that appellant had been drinking and was involved in an argument with some members of her
family. Although appellant was A.B.'s cousin, A.B. testified that she had only known appellant for a short period of time
and that appellant had only been living next door for a short period of time. 

A.B. testified that she was outside playing with another cousin, Christopher, when appellant came over to her house.
Appellant approached A.B. in an aggressive manner and asked her if she had a boyfriend. A.B. responded by saying, "yes."
A.B. testified that she started walking towards Christopher when appellant grabbed her hand and turned her around. A.B.
started walking again and appellant turned her around again and told her that he was going to stalk her. Then, while staring
at A.B. straight in the face, appellant grabbed both of her breasts through her clothing. A.B. further testified that appellant
then ran off laughing. 

A.B. testified that she was afraid to remain outside because appellant was outside, so she ran into her house and told her
grandmother about the incident. A.B.'s mother found out about the incident sometime later that day. A.B.'s mother called
the police to complain of an unrelated incident involving appellant which took place on the same day. Appellant was
arrested for the alleged offense of public intoxication. A.B.'s incident with appellant was not reported to the police until
one month later. Appellant was convicted in a bench trial of indecency with a child and sentenced to two years in the
Institutional Division of the Texas Department of Criminal Justice. 

Appellant raises two issues on appeal. Appellant asserts that the evidence was legally and factually insufficient to support
his conviction of indecency with a child. 

Standard of Review for Legal Sufficiency

When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Santos
v. State, 961 S.W.2d 304, 308 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). The standard is the same for cases based
on both direct and circumstantial evidence. Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Rosillo v.
State, 953 S.W.2d 808, 811 (Tex. App.--Corpus Christi 1997, pet. ref'd). We measure the legal sufficiency of the evidence
by the elements of the offense as defined by the hypothetically correct jury charge, which accurately sets out the law, is
authorized by the indictment, and does not unnecessarily increase the State's burden. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus Christi 1999, pet. ref'd). The trial court, as
the sole judge of the credibility of the witnesses and the weight to be given their testimony, is free to accept or reject all or
any part of the testimony of any witness. Williams v. State, 911 S.W.2d 191, 194 (Tex. App.-Houston [1st Dist.] 1995 pet.
ref'd). This Court is not to reevaluate the weight and credibility of the evidence, but only to ensure that the tier of fact
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988); Corpus v. State, 30 S.W.3d 35, 37 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).
Therefore, the judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt.
Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 

A person commits the offense of indecency with a child if he engages in sexual contact with a child who is younger than
seventeen years and that person is not his spouse. Tex. Pen. Code Ann. §21.11(a)(1) (Vernon 1994). "Sexual contact" is
defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the
sexual desire of any person." Tex. Pen. Code Ann. §21.01(2) (Vernon 1994). An essential element of the offense of
indecency with a child is the intent to arouse or gratify the sexual desire of any person. Duwe v. State, 642 S.W.2d 804,
805 (Tex. Crim. App. 1982); Couchman v. State, 3 S.W.3d 155, 162 (Tex. App.--Fort Worth 1999, pet. ref'd); Santos, 961
S.W.2d at 308 (holding evidence of grabbing a thirteen-year old's breasts is legally sufficient to satisfy the essential
elements of the offense of indecency with a child). The requisite specific intent can be inferred from the defendant's
conduct, his remarks, and all surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981);Couchman, 3 S.W.3d at 163; Santos, 961 S.W.2d at 308. An oral expression of intent is not required, and a
defendant's conduct alone is sufficient to infer intent. Tyler v. State, 950 S.W.2d 787, 789 (Tex. App.--Fort Worth 1997, no
pet). 

In the case before this Court, appellant's intent can be inferred from the act itself. The victim testified that when she
responded to appellant that she had a boyfriend, appellant stated he was going to stalk her before grabbing her breasts and
running off laughing. Therefore, in viewing the evidence in the light most favorable to the verdict, a rational trier of fact
could have found the evidence sufficient beyond a reasonable doubt to prove that appellant, by grabbing the victim's
breasts, did have the requisite intent to arouse or gratify his sexual desire. Santos, 961 S.W.2d at 308. We overrule
appellant's first point of error. 

Standard of Review for Factual Sufficiency

In reviewing factual sufficiency, this Court considers all the evidence, but does not view it in the light most favorable to the
verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). The review must be appropriately deferential so as
to avoid an appellate court substituting its judgment for that of the fact finder. Id. We will affirm if the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Rojas v. State, 986 S.W.2d 241,
246-47 (Tex. Crim. App. 1998); Reina v. State, 940 S.W.2d 770, 772 (Tex. App.--Austin 1997, pet ref'd). The victim
testified in detail that appellant grabbed her breasts and courts have held such testimony to be factually sufficient to support
a conviction for indecency with a child. Santos, 961 S.W.2d at 308. We hold that the trial court's verdict was not so
contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. We overrule appellant's second point
of error. 

We AFFIRM the trial court's judgment. 

 

LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

23rd day of August, 2001.

1. Tex. Pen. Code Ann. §21.11 (Vernon Supp. 2001). 

2. A.B. was the only witness for State. The appellant did not present any witnesses.