In The



Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-01-329 CR


____________________



CARL DAVID FARROW, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court No. 83490






O P I N I O N


 Carl David Farrow appeals his judgment of conviction for aggravated assault with
a deadly weapon and five-year sentence in the Institutional Division--Texas Department
of Criminal Justice. See Tex. Pen. Code Ann. §§ 12.33, 22.02 (Vernon 1994). In two
issues on appeal Farrow challenges the legal and factual sufficiency of the evidence
supporting his conviction and specifically argues the State failed to refute his claim of self-defense. 

 Israel Brumley broke down the door to Farrow's Beaumont apartment and
confronted him. The incident occurred late at night after both Farrow and Brumley had
been drinking. Farrow, using a gun which he kept close to the place where he slept, shot
Brumley six times, once in the knee, once in the calf, once in the thigh, twice in the chest,
and once in the shoulder. Farrow testified that Brumley charged at him, that he feared for
his safety, and that he shot Brumley in self-defense. 

 Brumley's account is different. He testified his initial confrontation with Farrow 
was verbal and Farrow then shot him twice. Brumley said he charged at Farrow in an
attempt to wrest the weapon away; Farrow shot Brumley several more times. 

 In section 9.31(a), the Texas Penal Code provides as follows:

 Except as provided in Subsection (b), a person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other's use or attempted
use of unlawful force. 


Tex. Pen. Code Ann. § 9.31(a) (Vernon Supp. 2003). Subsection (b) sets forth specific
situations in which the use of force against another is not justified. 

 Section 9.32 provides as follows: 

 (a) A person is justified in using deadly force against another:


 (1) if he would be justified in using force against the other under
Section 9.31;

 (2) if a reasonable person in the actor's situation would not have
retreated; and 

 (3) when and to the degree he reasonably believes the deadly force is
immediately necessary:

 (A) to protect himself against the other's use or attempted use of
unlawful deadly force; or

 (B) to prevent the other's imminent commission of aggravated
kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or
aggravated robbery.


 (b) The requirement imposed by Subsection (a)(2) does not apply to an actor
who uses force against a person who is at the time of the use of force
committing an offense of unlawful entry in the habitation of the actor.


Tex. Pen. Code Ann. § 9.32 (Vernon Supp. 2003). 

 The defendant has the burden of producing sufficient evidence to raise the issue of
self-defense; the State is not required to affirmatively produce evidence to refute the self-defense claim, but the State is required to prove its case beyond a reasonable doubt. See
Gilmore v. State, 44 S.W.3d 92, 96 (Tex. App.--Beaumont 2001, pet. ref'd). Being
instructed on self-defense, the jury in this case rejected Farrow's self-defense theory. 
Williams v. State, 911 S.W.2d 191, 194 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd). 
 In reviewing the legal sufficiency of the evidence in a case in which self-defense is
raised, a reviewing court determines, after viewing all of the evidence in the light most
favorable to the verdict, whether any rational trier of fact would have found the essential
elements of the offense beyond a reasonable doubt, and also would have found against
defendant on the self-defense issue beyond a reasonable doubt. Id. at 194-95.

 Brumley testified he was upset because Farrow left him at a bar with no
transportation home. Brumley had been staying at Farrow's apartment because of difficult
financial circumstances, but Farrow had not given Brumley the keys. Brumley was also
angry because Farrow had the keys to a borrowed vehicle, for which Brumley felt he was
responsible. Brumley called his cousin, Jamy Brumley, to pick him up from the bar and
bring him back to the apartment. When Farrow would not let him inside, Brumley put his
shoulder to the door and knocked it down. Brumley testified he saw Farrow sitting on a
couch and asked him for the keys to the vehicle. Farrow pulled out the gun and shot
Brumley in the knee. Brumley told him that since he had done it once he should go ahead
and shoot him again, and Farrow did so. In an effort to get the gun away from Farrow,
Brumley charged him and was shot four more times. The police recovered the gun used
by Farrow. Brumley suffered serious injuries, requiring hospitalization and several
surgeries. The jury was entitled to believe Brumley's testimony establishing the
aggravated assault with a deadly weapon, and to find that Farrow was not justified in using
deadly force in self-defense. The legal sufficiency challenge is overruled. 

 In a factual sufficiency review, the court views the evidence in a neutral light; the
reviewing court will set aside a jury verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). Farrow testified he was afraid of Israel Brumley, and that
he fired the shots just to stop Brumley. He claims to have fired a warning shot. But the
trier of fact is the exclusive judge of the weight and credibility of the testimony of the
witnesses. Taylor v. State, 71 S.W.3d 792, 794 (Tex. App.--Texarkana 2002, pet. ref'd). 
As factfinder, the jury could reject Farrow's testimony as not credible, and the jury could
find that Farrow's use of deadly force was not justified. See id. at 794; see also Tex. Pen.
Code Ann. § 9.32(a). The jury's verdict is not so contrary to the overwhelming weight
of the evidence as to be manifestly wrong and unjust. The factual sufficiency challenge
is overruled. 

 The judgment of the trial court is affirmed. 

 AFFIRMED. 

 PER CURIAM



Submitted on January 9, 2003

Opinion Delivered January 29, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ