Opinion issued October 20, 2005










     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00988-CR




TRUNG MINH LE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 984610









O P I N I O N

          Appellant, Trung Minh Le, challenges the trial court’s adjudication of guilt
after being placed on deferred adjudication community supervision. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2004–2005). On appeal,
appellant’s appointed counsel filed an Anders brief stating that he had not found
arguable grounds for appeal. Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
Appellant filed a pro se response to counsel’s Anders brief asserting five points of
error that he believed constituted arguable grounds for appeal. Concerning his
original trial, appellant contends that (1) there was insufficient evidence to support
a showing of guilt and (2) he did not understand that he was agreeing to a guilty plea
because his translator and lawyer were ineffective. Concerning the hearing on the
motion to adjudicate guilt, appellant contends that (3) he did not understand that he
was pleading true to one of the allegations because his translator was ineffective, (4)
the judge was biased, and (5) one of the witnesses lied under oath. Appellant also
recounts his version of events that he testified to at the adjudication of guilt hearing
and presents them as points of error.
          We conclude that the appellant has raised no arguable grounds for appeal, we
dismiss the appeal, and we grant appellant’s counsel’s motion to withdraw.
 
Background
          Appellant pleaded guilty on April 20, 2004 to the offense of aggravated assault
with a deadly weapon. Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2004–2005). 
As a part of a plea bargain agreement, appellant was placed on a five year deferred
adjudication community supervision and assessed a fine of $500. Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2004–2005). On June 8, 2004, the State
filed a motion to adjudicate guilt alleging violations of his community supervision. 
Appellant pleaded not true to four of the five alleged violations. After a hearing, the
trial court found all five allegations to be true, adjudicated the appellant guilty, and
assessed punishment at 10 years’ confinement. Tex. Pen. Code Ann. § 12.33
(Vernon 2003).
Anders Procedure
          Under Anders, once appellant’s court-appointed counsel files a motion to
withdraw as counsel and files a brief in which he concludes that there are no arguable
grounds for appeal, we review the record and make an independent determination. 
Anders v. California, 386 U.S. at 744; Stafford v. State, 813 S.W.2d at 511. We
consider any pro se response appellant may file to the Anders brief, but we do not rule
on the ultimate merits of his response. Downs v. State, 137 S.W.3d 837, 839 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d). If we find arguable grounds for appeal,
we must abate the appeal, remand the case to the trial court, and allow the
court-appointed attorney to withdraw. Stafford, 813 S .W.2d at 511. The trial court
then must either appoint another attorney to present all arguable grounds for appeal
or allow the defendant to proceed pro se if he desires. Id. If we do not find arguable
grounds for appeal, we affirm the judgment of the trial court and allow the court-appointed attorney to withdraw. Downs, 137 S.W.3d at 842. However, if we find
that the appellant does not raise a point of error from the decision to adjudicate that
we have jurisdiction over, we must dismiss the appeal. Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992).
Jurisdiction
          This Court’s jurisdiction on an appeal from an adjudication of guilt is
extremely limited. No appeal may be taken from a trial court’s determination of
whether to proceed with an adjudication of guilt on the original charge. Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004–2005). Thus, the trial
court’s decision to proceed with an adjudication of guilt is one of absolute,
nonreviewable discretion. Williams v. State, 592 S.W.2d 931, 932 (Tex. Crim. App.
1979); Burger v. State, 920 S.W.2d 433, 437 (Tex. App.—Houston [1st Dist.] 1996,
pet. ref’d). As a result, we lack the jurisdiction to consider the voluntariness of
appellant’s plea of true. Phynes, 828 S.W.2d at 2; Hargrave v. State, 10 S.W.3d 355,
357, 360 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). This rule also prevents
us from considering appellant’s version of the facts for any potential error. Phynes,
828 S.W.2d at 2. Therefore, we can neither consider appellant’s third point of error
concerning his plea of time, nor review his recounting of his version of the facts for
error.
          For his fifth point of error, appellant claims that a witness lied on the stand. 
This is a credibility issue, which relates to the trial court’s decision to proceed with
an adjudication of guilt. Washington v. State, 127 S.W.3d 197, 204 (Tex.
App.—Houston [1st Dist.] 2003, pet. dism’d). We lack jurisdiction to consider this
point of error. Id.
          This Court’s jurisdiction to consider error from the original trial is also
extremely limited. Error in the original plea proceeding must be appealed when the
conditions of deferred adjudication were originally imposed. Tex. R. App. P.
25.2(a)(2), (d); Vidaurri v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001).


 The
time in which appellant could have appealed the original proceeding has passed, and
appellant is barred from raising his first two points of error on this appeal.
          As a result of our limited jurisdiction, we can only consider appellant’s fourth
point of error.
Trial Judge Bias
          Appellant essentially argues in his fourth point of error that the trial judge was
biased because he believed the testimony of Manhtrang Nguyen, the original
complainant, which appellant characterizes as deceptive. The trial court, as the finder
of fact, is the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and may accept or reject all or any part of the witnesses’ testimony. 
 Williams v. State, 911 S.W.2d 191, 194 (Tex. App.—Houston [1st Dist.] 1995, pet.
ref’d). Showing simply that the trial court chose to believe one person’s testimony
over another’s does not establish bias. See Ray v. State, 106 S.W.3d 299, 302 (Tex.
App.—Houston [1st Dist.] 2003, no pet.) (holding that a trier of fact’s decision is not
erroneous merely because it resolves inconsistencies between testimony in favor of
the State). Appellant fails to identify any other action taken by the trial court that
could establish bias, and in reviewing the record, we find none.
          We conclude that there is no merit to appellant’s fourth issue.
Conclusion
          After considering appellant’s pro se response and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant
appellant’s counsel’s motion to withdraw.



                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Publish. See Tex. R. App. P. 47.2(b).