Juan SANTOS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00949–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 19, 1997.

Discretionary Review Refused Oct. 1, 1997.

William H. Thursland, Houston, for Appellant.

John B. Holmes, Keli Pool Roper, Houston, for Appellee.

Before TAFT, MIRABAL and ANDELL, JJ.

## OPINION

TAFT, Justice.

Appellant, Juan Santos, Jr., was charged by indictment with indecency with a child. The jury found appellant guilty and assessed punishment at two-years confinement. We address: (1) whether the trial court erred by charging the jury with an instruction that it may consider flight in determining appellant's guilty knowledge; and (2) the legal and factual sufficiency of the evidence to prove appellant's intent to arouse and gratify his sexual desire. We affirm.

### Facts

The 13–year–old complainant accompanied her mother, two brothers, and sister to Wal–Mart. While the complainant was in the toy department looking at a book, appellant stopped in front of her and asked her about a Houston Police Department pin she was wearing on her shirt. As he did so, he grabbed at the pin and groped her. She asked him to stop, but he continued to stick his hand inside the complainant's shirt and squeezed her breast. She then began to scream, and appellant ran out of the toy department. The complainant's brother heard the complainant scream and saw appellant run around a corner. The complainant's sister alerted the complainant's mother. The mother saw the complainant was frightened, crying, and clenching a book. The complainant identified appellant walking out of the store. The mother pursued appellant into the parking lot and knocked him down.

### Flight Charge

In his first point of error, appellant asserts the trial court erred by charging the jury with an instruction on flight at the guilt-innocence phase of the trial when there was no evidence that appellant fled *from peace officers*. Appellant objected at trial on the basis that the evidence did not raise an instruction on flight because appellant had walked out of the store, *i.e.,* he did not flee at all. Appellant's point of error does not comport to his trial objection. Furthermore, implicit in both his point of error and his trial objection is appellant's acceptance of the pro-

priety of submitting a jury instruction on flight under the proper facts.

We do not find either appellant's trial objection, or his point of error on appeal, persuasive. Unexplained flight has long been deemed indicative of consciousness of guilt. *Cawley v. State,* 166 Tex.Crim. 37, 310 S.W.2d 340, 342 (1957) (quoting Proverbs 28:1 "The wicked flee when no man pursueth...."). The Court of Criminal Appeals has stated flight amounts to a quasi-admission of guilt. *Id.* No distinction has been made between flight from the immediate scene of the crime and flight from peace officers. *See Valdez v. State,* 623 S.W.2d 317, 321 (Tex.Crim.App.1981) (flight from the scene of the crime); *cf. Burks v. State,* 876 S.W.2d 877, 902–903 (Tex.Crim.App.1994) (flight from peace officer trying to arrest defendant).

Just as the admissibility of flight to prove consciousness of guilt is a long-established rule, it is equally well settled that a jury instruction on flight is improper because it comments on the weight of the evidence:

> The testimony of John Burdett, which was excepted to by the appellant, was admissible to show the flight of the appellant, which, in a criminal case, is always admissible; and there was no error as to the parol proof, made by Burdett, that he was carrying him to jail, after his preliminary examination before the justice of the peace for the theft of said hogs, and that he escaped from him. It was admissible to prove the charge of the theft of said hogs against the defendant, and his knowledge thereof, and his flight, without proving the same by the papers in the case; *nor was the court called on to charge the jury with reference to the purpose in admitting said testimony.* It was a circumstance of a criminative character against the defendant, and *it would have been error for the court to have singled out this fact and charged upon it.*

*Clark v. State,* 36 S.W. 273, 274 (Tex.Crim. App.1896).

The Code of Criminal Procedure mandates that the trial court must deliver to the jury a written charge "not expressing any opinion as to the weight of the evidence, not sum-

ming up the testimony [or] discussing the facts." Tex.Code Crim. P. Ann. art. 36.14 (Vernon Supp.1997). A charge is on the weight of the evidence if it singles out evidence as to flight and instructs the jury thereon. *Johnson v. State*, 510 S.W.2d 944, 948 (Tex.Crim.App.1974) (upholding the trial court's rejection of a defense request for a limiting instruction regarding flight).

■ The charge requested by the State, and submitted by the trial court, in this case instructed the jury: "You are instructed that flight from the scene of an offense may be considered by you in determining the guilty knowledge of the defendant." The instruction impermissibly singled out evidence of flight in the charge thereby commenting on the weight of the evidence.

■ Neither appellant's objection at trial, nor his point of error on appeal, challenges the flight instruction on the basis it impermissibly commented on the weight of the evidence. As pointed out above, appellant's trial objection implicitly approved a flight charge if raised by the evidence. Under these circumstances, appellant's objection was arguably tantamount to an invitation to the trial court to commit the error we have noticed in the charge. *Cf. Ly v. State*, 943 S.W.2d 218, 220–21 (Tex. App—Houston [1st Dist.] 1997, n.p.h.) (holding defendant's affirmative statement "No objection" invited, and precluded appellate review of, any error in the jury charge).

■ Nevertheless, in an abundance of caution, we review the error to see if it resulted in egregious harm under the standard set out for unobjected-to error in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). It is appellant's burden to persuade the appellate court an erroneous jury charge is harmful.[1] *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim.App.1994). We determine the actual degree of harm caused by the error in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant informa-

tion revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

## A. Nature of the Error

■ The jury charge stated, "You are instructed that flight from the scene of an offense may be considered by you in determining the guilty knowledge of the defendant." The error in an instruction on flight is that it constitutes a comment on the weight of the evidence. That is, it singles out a particular fact and instructs the jury it may consider that fact in determining an issue in the case, the guilty knowledge of appellant. In the form submitted, the instruction assumes the existence of flight. Even though the instruction constitutes an accurate statement of the law, it magnifies a particular fact giving unfair emphasis to that fact. By the trial court's instruction permitting the jury to consider flight, which only the testimony of State's witnesses had established, and which appellant had denied, the danger is that the jury would give more credibility and weight to the State's witnesses than to appellant.

## B. The Entire Charge

Nothing else in the jury charge impacts on the error in submitting a flight instruction. We do note, however, that the instruction appears, by itself, at the top of a full page inserted between the definition-application portion (first two pages) and the boilerplate portion (last two pages) containing general instructions given in all cases. What effect this placement may have had is not determinable.

## C. State of the Evidence

Appellant presented two witnesses, his wife and himself. His wife did not observe anything relating to the offense. She left appellant outside in the car when she entered Wal–Mart. She next saw him being handcuffed in the parking lot. Appellant denied touching the complainant or even entering the toy department where the incident allegedly occurred. Appellant did admit observ-

---

1. A difficulty of reviewing jury charge error not raised by appellant on appeal is that the party upon whom the burden of persuasion is placed has not undertaken its burden.

ing, from outside the toy department, the complainant who was in the toy department.

The State presented the complainant who testified to appellant's actions in approaching her, touching a pin on her shirt, reaching inside her shirt to touch her breast, her screaming, and his running away. The State also presented a store employee who observed appellant and the complainant in the toy department bent over with appellant's hand moving in front of the complainant in such a manner that it looked like he was fondling her. The complainant's brother and another store employee also saw appellant and the complainant close together in the toy department. Both the store employee and the complainant's brother heard her scream, and the brother saw appellant run. The complainant's mother observed the complainant's distraught condition immediately after the offense, as the complainant made outcry to her. The store employees were disinterested witnesses.

The jury's job was to resolve the credibility issue between appellant on the one hand and the complainant, her brother, and the store employees on the other. Logically, that conflict was most easily resolved by: (1) first concluding appellant was lying about not even having entered the toy department where two disinterested store employees observed him close to the complainant, and (2) then concluding appellant was also lying about not having touched the complainant.

### D. Argument of Counsel

Both counsel for appellant and for the State argued the issue of flight. No mention of the trial court's charge on flight was made, however. The State's argument, that the jury was entitled to infer guilt from flight, was a legitimate one based on the evidence. *See Bigby v. State,* 892 S.W.2d 864, 883 (Tex. Crim.App.1994).

### E. Other Relevant Information

The jury deliberated for approximately four and one-half hours before finding appellant guilty of indecency with a child as charged in the indictment. From this, we conclude the jury had some difficulty resolving the conflicts in testimony between appel-

lant and the State's witnesses. It deliberated another two hours and ten minutes before returning a punishment verdict of two-years confinement.

### F. Resolution of the Issue

There is no direct evidence of actual harm, resulting from the flight instruction, such as testimony from a juror at a motion for new trial hearing detailing jurors having discussed the impact of the instruction. The possibility of actual harm is present because the effect of the trial court's comment on the weight of the evidence was to give greater weight and credibility to the State's witnesses who testified to flight and less weight and credibility to appellant who denied flight. Resolving the testimonial conflict between appellant and the State's witnesses regarding whether appellant fondled the complainant was the chief task facing the jury. It took the jury some four and one-half hours to accomplish that task. Resolving the testimonial conflict between appellant and the State's witnesses regarding whether appellant fled was necessarily a closely-related task to resolving the conflict regarding commission of the offense itself. The easier path to conflict resolution, however, was the other closely-related task of resolving the conflict regarding whether appellant entered the toy department where the offense allegedly took place. In any event, the prosecutor did not exploit the trial court's comment on the weight of the evidence by emphasizing the flight instruction. The prosecutor merely argued flight as a circumstance showing guilt, a legitimate argument inferring guilt from facts in evidence.

Under these circumstances, we hold that while the record may demonstrate some actual harm, it does not establish egregious harm. Appellant has not shown that he did not have a fair and impartial trial. *See Almanza,* 686 S.W.2d at 171. Accordingly, we overrule appellant's first point of error.

### Legal and Factual Sufficiency

In his second point of error, appellant asserts the evidence was legally and factually insufficient to sustain a conviction for inde-

cency with a child with regard to the element of specific intent to arouse or gratify appellant's sexual desire.

## A. Legal Sufficiency

In reviewing the legal sufficiency of the evidence, an appellate court must consider all the evidence in the light most favorable to the verdict in order to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes the evidence, we may not reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

An essential element of the offense of indecency with a child is the intent to arouse or gratify the sexual desire of any person. *Duwe v. State,* 642 S.W.2d 804, 805 (Tex.Crim.App.1982). The requisite specific intent can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981). Appellant was seen by three witnesses standing very near the complainant as she played in the toy aisle. One witness testified that it appeared that appellant was attempting to fondle the complainant. The complainant testified that when she asked appellant to stop touching her, he slipped his hand inside her shirt and grabbed her breast. Viewing the evidence in the light most favorable to the jury's verdict, a rational jury could have found the evidence sufficient beyond a reasonable doubt to prove that appellant had the requisite intent to arouse or gratify his sexual desire.

## B. Factual Sufficiency Standard

In reviewing the factual sufficiency of the evidence, an appellate court "views all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). "A reviewing court may set aside the verdict only if it is so contrary to the over-

whelming weight of the evidence as to be clearly wrong or unjust." *Id.* at 135.

Appellant claimed that he was inside the store looking for his wife. He testified that he walked past the toy department without stopping. He denied ever touching the complainant. He further claimed that he walked out of the store, not because he was fleeing, but to look for his wife after searching for her for 10 minutes inside the store.

We hold that the jury's verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. We overrule appellant's second point of error.

## Conclusion

We affirm the trial court's judgment.