In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00582-CR
____________

WILLIAM HORACE WARD, III, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 881494 




MEMORANDUM OPINION
          After a jury found appellant, William Horace Ward, III, guilty of the felony
offense of driving while intoxicated (DWI), appellant pled true to an enhancement
paragraph alleging one prior felony conviction, and the jury assessed punishment at
15 years’ confinement in prison. In his first and third points of error, appellant
contends that the trial court erred by declining to issue a limiting instruction to the
jury regarding the jury’s use of extraneous-offense evidence introduced during the
guilt-innocence stage of trial. In his second point of error, appellant contends that the
trial court erred by declining to instruct the jury on the State’s burden to prove
beyond a reasonable doubt the extraneous offenses admitted during the punishment
stage of trial. We affirm. 
Background
          On July 6, 2001, appellant was indicted for felony DWI. In two jurisdictional
enhancement paragraphs, the indictment alleged that appellant was previously
convicted of DWI twice, in 1996 and 1998. In a single punishment enhancement
paragraph, the indictment alleged that appellant was previously convicted of burglary
of a building in 1982.
          During the guilt-innocence stage of trial, the State cross-examined appellant
regarding two extraneous DWI convictions that appellant received in 1988 and 1990. 
Appellant neither objected nor requested a limiting instruction concerning this line
of cross-examination. Instead, appellant admitted that he was convicted of DWI in
1990, but denied that he was convicted of DWI in 1988. 
          In addition, the arresting deputy testified during the guilt-innocence stage
regarding two marijuana cigarettes that were found in appellant’s truck. Appellant
objected to this testimony, and the trial court sustained the objection. Appellant did
not request an instruction to disregard, however, and the trial court did not give the
instruction sua sponte. Thereafter, at the conclusion of the guilt-innocence stage, the
trial court did not instruct the jury that, although extraneous-offense evidence may be
used to assess the defendant’s credibility as a witness, extraneous offenses may not
be considered as evidence of the defendant’s guilt. Limiting Instruction
          In his first and third points of error, appellant contends that the trial court erred
by not including in the jury charge a limiting instruction regarding consideration of
extraneous-offense evidence admitted during the guilt-innocence stage of trial. See
Tex. R. Evid. 105(a). Appellant argues that the trial court should have issued a
limiting instruction both when the extraneous-offense evidence was admitted and in
the charge to the jury. According to appellant, the following extraneous offenses
were admitted at trial and warranted a limiting instruction from the trial court: (1)
evidence that appellant was convicted for DWI in 1988 and 1990; (2) evidence that
appellant possessed marijuana in his truck at the time of his arrest; and (3) evidence
that appellant “sprayed rocks” over two individuals in a bar parking lot.
          Rule 105(a) states:
When evidence which is admissible as to one party or for one purpose
but not admissible as to another party or for another purpose is admitted,
the court, upon request, shall restrict the evidence to its proper scope
and instruct the jury accordingly; but, in the absence of such request the
court’s action in admitting such evidence without limitation shall not be
a ground for complaint on appeal. 
 
Tex. R. Evid. 105(a) (emphasis added). Citing rule 105(a), the Court of Criminal
Appeals has held that the party opposing evidence must object and request the
limiting instruction when the evidence is introduced. Hammock v. State, 46 S.W.3d
889, 894 (Tex. Crim. App. 2001); Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim.
App. 1994). When a defendant does not request a limiting instruction at the first
opportunity, the evidence is admitted for all purposes. See Hammock, 46 S.W.3d at
895; Garcia, 887 S.W.2d at 878. Once evidence is admitted for all purposes, a trial
court need not issue a limiting instruction to the jury regarding that evidence. 
Hammock, 46 S.W.3d at 895. 
          Because appellant did not request a limiting instruction when the extraneous-offense evidence was introduced and admitted, the evidence was admitted for all
purposes, and appellant was not entitled to a limiting instruction in the jury charge. 
See id. Thus, we hold that the trial court did not err by not issuing a limiting
instruction in the jury charge regarding the admitted extraneous-offense evidence.
          We overrule points of error one and three.
Extraneous Offenses
          In his second point of error, appellant argues that, at the punishment stage, the
trial court erred in declining to instruct the jury that it could not consider any
evidence of extraneous offenses or bad acts unless they were proven beyond a
reasonable doubt. Appellant argues that this omission by the trial court resulted in
egregious harm that entitles him to a new punishment trial. 
          During the punishment stage of trial, appellant stipulated that he had previously
been convicted of burglary of a building as alleged in the punishment enhancement
paragraph. In addition to this conviction, as well as the 1996 and 1998 DWI
jurisdictional enhancement convictions, the State introduced evidence that appellant
had been convicted of 10 previous offenses, including convictions for driving with
an invalid license, possession of marijuana, and two additional DWI offenses.
          Appellant did not object to the jury charge at the punishment stage. The State
concedes that the charge was erroneous as written. See Huizar v. State, 12 S.W.3d
479, 484 (Tex. Crim. App. 2000) (holding that article 37.07 of Code of Criminal
Procedure requires trial court to instruct jury on burden of proof for extraneous
offenses, irrespective of whether instruction was requested). Because appellant did
not object to the omission of this instruction from the charge, we must determine
whether the error was so egregious and created such harm that appellant “has not had
a fair and impartial trial.” See Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim.
App. 1985); Santos v. State, 961 S.W.2d 304, 306 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). To decide whether the harm was egregious, we evaluate the harm
in light of (1) the entire jury charge, (2) the state of the evidence, including the
contested issues and weight of probative evidence, (3) the argument of counsel, and
(4) any other relevant information revealed by the record of the trial as a whole. 
Almanza, 686 S.W.2d at 172; Santos, 961 S.W.2d at 306. It is appellant’s burden to
show that he suffered actual harm, as opposed to theoretical harm, as a result of the
charge error. Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). 
          Although a reasonable-doubt instruction concerning extraneous offenses was
not included in the jury charge, we hold that appellant has not shown that he was
egregiously harmed by the omission. Almanza, 686 S.W.2d at 174. Although the jury
charge did not expressly mention extraneous offenses, it did instruct the jury that the
State had the burden to prove beyond a reasonable doubt the allegations contained in
the enhancement paragraph. Furthermore, during the punishment phase, the State
presented extensive evidence, including fingerprint analysis, prior judgments, and jail
cards, to prove that appellant committed the extraneous offenses that were admitted
during punishment. 
          In contrast, appellant presented no evidence to counteract the State’s proof
regarding extraneous offenses. Although appellant generally objected to evidence of
his possession of a controlled substance conviction that occurred in 1984, appellant
never (1) contested that he committed the remaining extraneous offenses, (2)
presented evidence concerning the extraneous offenses, (3) cross-examined the
officers who discussed the facts surrounding his extraneous offenses, (4) argued to
the jury that the officers were mistaken or lying, or (5) argued that the State failed to
prove the offenses beyond a reasonable doubt. And although appellant correctly
asserts that the prosecutor mentioned the extraneous offenses during his closing
argument at the punishment stage, argument of counsel is but one factor to consider
when conducting an Almanza harm analysis. 
          Thus, after considering the entire charge, the state of the evidence, the
argument of counsel, and other relevant information, we conclude that appellant has
not met his burden to show that the omission of a reasonable-doubt instruction in the
jury charge resulted in egregious harm. See Almanza, 686 S.W.2d at 174. 
          We overrule point of error two. 
Conclusion
We affirm the judgment of the trial court.
 
     /s/ Elsa Alcala
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.4.