Opinion Issued October 2, 2003 







: 







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01209-CR




ROBERT NORMAN BOUSQUET, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 806996







MEMORANDUM OPINION

          Appellant, Robert Norman Bousquet, pleaded not guilty to indecency with a
child, enhanced with a prior felony offense for carnal abuse.


 The jury found
appellant guilty as charged and the trial court, having found true the prior conviction,
assessed punishment at 42 years’ confinement. In two points of error, appellant
argues that the evidence presented was legally and factually insufficient to support
his conviction. We affirm. 
Facts
          Complainant, who was approximately eight years old, was molested by his
father, appellant. An anonymous telephone call to a state agency in February of 1999
began the investigation into allegations of sexual abuse of the complainant by
appellant. Both the Harris County Children’s Protective Services agency (CPS) and
the Pasadena Police Department opened an investigation. The complainant was
brought to CPS’s Child Assessment Center, where a specialized forensic interviewer
videotaped an interview with him and confirmed the sexual abuse allegations. 
          During the trial, complainant testified that, in July 1996, he and his father were
sleeping on the living room floor about one foot apart when appellant touched him
on his “front” private parts. Complainant testified that appellant reached over and
stuck his hand under complainant’s shorts and underwear and began to fondle his
penis. Complainant “squirmed” and tried to get away, but appellant forcibly pulled
back the complainant by the leg. Afterwards, appellant told complainant not to tell
anyone what had happened, and threatened to hurt complainant and his mother if he
did tell anyone about the incident. Complainant testified he had reason to believe that
his father would follow through on his threat. The first time the complainant told
anyone about the incident was during the interview at the Children’s Assessment
Center in 1999. During this interview, and again during an investigatory medical
exam, complainant added the fact that his father was drunk when the event occurred.
On cross-examination, complainant admitted he was unsure of how old he was when
the molestation occurred. 
Sufficiency of the Evidence 
          In his first and second points of error, appellant complains that the evidence
was legally and factually insufficient to support his conviction. In particular,
appellant claims that the State did not present any evidence specifically to show that
he touched complainant with the statutory required intent to arouse or gratify one’s
sexual desire.  
          In reviewing legal sufficiency, we view the evidence in the light most 
favorable to the verdict and ask whether a rational trier-of-fact could find the essential
elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d). 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim.
App. 2003); King, 29 S.W.3d at 563; Valencia, 51 S.W.3d at 423. While conducting
our analysis, if there is probative evidence supporting the verdict, we must avoid
substituting our judgment for that of the trier-of-fact, even when we disagree with the
determination. King, 29 S.W.3d at 563. The trier-of-fact is the sole judge of the
weight and credibility of the witness’ testimony. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000).
          The statute in effect at the time of the offense provided that a person commits
the offense of indecency with a child “. . . if, with a child younger than 17 years and
not his spouse, whether the child is of the same or opposite sex, he: (1) engages in
sexual contact with the child . . . .”


 Sexual contact is defined as “any touching of the
anus, breast, or any part of the genitals of another person with intent to arouse or
gratify the sexual desire of any person.”


 An essential element of the offense of
indecency with a child is the intent to arouse or gratify the sexual desire of any
person. Santos v. State, 961 S.W. 2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d). Appellant complains only about the sufficiency of the evidence as to
intent.
          Arguing there was insufficient evidence he touched the genitals of complainant
with the intent to arouse or gratify his own sexual desire, appellant points to the
following: (1) the complainant testified he was asleep when the incident occurred; (2)
the complainant could not remember when the incident occurred, or how many years
passed before he told anyone in 1999, though admitting at least three or four years
had passed; and (3) the complainant admitted to lying to the Children’s Assessment
Center’s specialized interviewer about having told his mother the next day about the
incident. 
          The required specific intent to “arouse or gratify the sexual desire of any
person” is a fact question for the trier of fact, and it may be inferred from conduct,
actions, remarks, or all the surrounding circumstances. McKenzie v. State, 617 
S.W.2d 211, 216 (Tex. Crim. App. 1981); Billy v. State, 77 S.W.3d 427, 429 (Tex.
App.—Dallas 2002, pet. ref’d); Santos, 961 S.W.2d at 307. Here, complainant
testified that appellant: (1) reached under his clothing to touch his “front” private
part, moving his hand as he did so; (2) forcibly restrained him when he tried to get
away; and (3) threatened him and his mother with bodily harm if complainant told
anyone what happened. As in previous similar cases, the jury here could infer
directly from appellant’s actions that the contact was performed with the intent to
arouse or gratify his sexual desire. See Billy, 77 S.W.3d at 429; Wallace, 52 S.W.3d
at 235; Santos, 961 S.W.2d at 308. 
          Intent can also be inferred from the appellant’s conduct after the incident.
Couchman v. State, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref’d). 
Appellant’s threat to the complainant that he would hurt complainant and his mother
if complainant ever told anyone what happened shows a consciousness of guilt which
leads to an inference that, when appellant touched complainant, appellant had the
specific intent to arouse and gratify his own sexual desire. See Montgomery v. State,
810 S.W.2d 372, 396 (Tex. Crim. App. 1990) (holding that appellant’s instructions
to both victims not to reveal the event showed a “consciousness of wrongdoing,”
which led the jury to an inference that the touching was done with the intent to arouse
and gratify sexual desires); DeLeon v. State, 77 S.W.3d 300, 311 (Tex. App.—Austin
2001, pet. ref’d) (holding that appellant’s threat to kill complainant if she told her
mother what happened was an act revealing “consciousness of guilt”). The
combination of the purposeful touching and restraint, as well as the subsequent threat,
constitutes conduct from which the jury could have reasonably inferred that appellant
acted with the required intent.
           At trial, appellant brought complainant’s credibility into question by showing
that complainant could not remember exactly when the offense occurred. However,
the complainant did say he could not have been younger than seven or older than nine
when the incident occurred. He also testified that it happened during the summer
following third grade, which is within the age range he provided. Appellant also
suggests that complainant lacked credibility because he lied to the authorities,
initially telling the interviewer he had never been molested, then saying he told his
mother the day after the incident happened. However, when complainant testified
under oath, he freely admitted he lied to the interviewer. Complainant later explained
that he was scared at the interview because he did not know about the call to CPS or
why he was talking to the interviewer. Similarly, Dr. Sheela Lahoti, a pediatrician
who works with sexually abused children, testified as a medical expert. Though
testifying that the physical exam of complainant was normal, consistent with what
would be expected considering the nature of the abuse, she also noted, and the
medical records show, that complainant told the examiner that his father had touched
him below the belt with his hands and that appellant was drunk when he did it. The
jury, as the trier-of-fact and credibility, was free to resolve any discrepancies in the
testimony and to decide what testimony to rely upon. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).
          Viewing the evidence in the light most favorable to the verdict, we hold that
the evidence was legally sufficient for a rational trier-of-fact to find the essential
intent element of the crime beyond a reasonable doubt.  Viewing the evidence
neutrally, we observe that the jury decided, in this case, to believe the complainant. 
Because the jury, as trier-of-fact, is the sole judge of the weight and credibility of the
witness testimony, and because the proof of guilt was not so obviously weak as to
undermine confidence in the jury’s determination, or so greatly outweighed by
contrary proof as to indicate that a manifest injustice occurred, we hold that the
evidence was factually sufficient to support the verdict.  
          We overrule appellant’s first and second points of error.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).