Opinion issued June 24, 2004

















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00680-CR




WILMER LEO HOLLAND, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 945985




MEMORANDUM OPINION
          Appellant, Wilmer Leo Holland, was charged with the offense of indecency
with a child. He pled not guilty to the charge and “true” to the two punishment
enhancement paragraphs. A jury found appellant guilty, and the trial court sentenced
him to confinement for 25 years. We affirm.
BACKGROUND
          In November 2001, complainant, appellant’s 10-year-old grandniece, lived at
her grandmother’s, Juanita Lucky’s, house because complainant’s home had been
damaged. Appellant also lived in Lucky’s house. On an evening in February of
2002, complainant, her younger brother Malique, and appellant were in the laundry
room. Lucky was in a different part of the house. Appellant tickled Malique on the
stomach. Complainant testified that, after appellant had tickled Malique, he came up
behind her and started touching her breasts. She testified that appellant did not tickle
her and that he applied pressure to her breasts and squeezed and pinched them. 
Appellant touched complainant for possibly a minute or two.
          Later that day, complainant told Lucky about the incident, saying that appellant
was tickling her on her breasts. Complainant testified that Lucky told complainant
to stay close to her and did not take any further action. Lucky testified that, when
complainant told her that appellant was tickling her, she believed it was an accident
and appellant meant no harm. Lucky stated that she told complainant not to play with
appellant.
          Complainant returned to her home in March 2002. April Bostic, complainant’s
mother, noticed changes in complainant’s behavior during her stay at Lucky’s house
and after her return home. Bostic testified that complainant started becoming more
agitated and hot tempered during her stay at Lucky’s house, which was different from
her normal behavior. After complainant’s return home, Bostic noticed that
complainant was clashing with her older and younger brothers and was being “real
sassy at the mouth.” Bostic also noted that complainant no longer wanted to go to
Lucky’s house, although she had wanted to go there previously.
          Bostic eventually asked complainant why she no longer wanted to go to
Lucky’s house. Bostic testified that complainant said that she did not want to go to
Lucky’s house because appellant was there and he touched her. Bostic asked
complainant to show how appellant had touched her and complainant demonstrated
what appellant did to her. Bostic testified that she was able to see complainant’s face
and could tell that she was very scared. After complainant had demonstrated how
appellant had touched her, Bostic called the police.
          Dr. Lawrence Thompson, a clinical psychologist with the Children’s
Assessment Center, testified, over objection, regarding “partial outcry” and “delayed
outcry.” He stated that his research indicated that it was not common for children to
confuse tickling that was not sexual abuse with a sexual act.
SUFFICIENCY OF THE EVIDENCE
          Appellant argues that the evidence presented by the State was legally and
factually insufficient to establish his guilt because the State failed to prove that
appellant had the requisite mental state to commit the offense of indecency with a
child.
A person commits the offense of indecency with a child if he engages in sexual 
contact with a child under 17 years of age. Tex. Pen. Code Ann. § 21.11(a) (Vernon
Supp. 2004). “Sexual contact” is defined as any touching by a person of the anus,
breast, or any part of the genitals of a child with the intent to arouse or gratify the
sexual desire of any person. Tex. Pen. Code Ann. § 21.11(c)(1) (Vernon 2003). The
requisite specific intent for the offense of indecency with a child can be inferred from
the defendant’s conduct, his remarks, and all surrounding circumstances. Santos v.
State, 961 S.W.2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the
evidence on factual sufficiency grounds, all of the evidence as a whole must be
reviewed, and not only in the light most favorable to the prosecution. Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The Court of Criminal Appeals has
recently stated the following for a factual sufficiency review:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga v. State, No. 539-02, slip op. at 8, 2004 WL 840786 at 5 (Tex. Crim. App.
Apr. 21, 2004)(footnote omitted). In a factual sufficiency review, the appellate court
should not substitute its own judgment for that of the fact finder. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). Under both legal and factual sufficiency,
the jury is the exclusive judge of the facts, the credibility of the witnesses, and the
weight to be given to the witnesses’ testimony. Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).
          Appellant asserts that the surrounding circumstances were not inculpatory
because of the presence of other people and because appellant did not threaten
complainant, nor was there an allegation that he had threatened her previously. 
          The testimony of a child victim is sufficient to support a conviction for
indecency with a child. See Tear v. State, 74 S.W.3d 555, 560 (Tex. App.—Dallas
2002, pet. ref’d); Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon Supp. 2004). 
Complainant testified that she was standing in the laundry room when appellant came
up behind her and started touching her on her breasts, applying pressure to them and
squeezing them. Complainant testified that she knew that what appellant was doing
was not right, but did not leave the room because she was scared. Complainant’s
testimony constitutes some evidence that a reasonable trier of fact could find
sufficient to support a conviction for indecency with a child. We overrule appellant’s
legal sufficiency point of error.
          In regard to his factual sufficiency challenge, appellant asserts that his actions
were innocent horseplay and that, since the laundry room was an entrance and exit
room to the house, anyone could have entered and seen the incident. Complainant’s
testimony that appellant touched and applied pressure to her breasts for one to two
minutes constitutes some evidence of appellant’s actions. Appellant was the only
adult present in the laundry room and there was no testimony that anyone was
expected to enter or leave the house at the time of the incident. Bostic testified that
Complainant’s demeanor changed significantly after the incident, becoming more
“hot tempered,” “mean,” and “sassy at the mouth.” We do not find that this evidence
is so weak as to be clearly wrong and manifestly unjust or that the finding of the trial
court is against the great weight and preponderance of the evidence. We overrule
appellant’s factual sufficiency point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).