In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00169-CR
______________________________


ROBERT EARL MAY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30213-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Robert Earl May, a gymnastics coach, appeals from his conviction for two offenses. In this
case, he was convicted for indecency with a child—which was enhanced to a first degree felony. In
a companion case that was tried with this case, and which is also on appeal (06-03-00168-CR), he
was convicted for aggravated sexual assault on a child under fourteen. The trial court assessed
punishment at life imprisonment for both cases, to run consecutively.
            May contends that the evidence is legally and factually insufficient to support his conviction
and that the court erred by having an incorrect part of the testimony read to the jury during
deliberations, by not suppressing May's statement, and erred by allowing the State to enhance
punishment. May also contends that the court erred by refusing to provide him with the
complainant's school records and that two segments of testimony were improperly admitted.
            The contentions of error in this case, with the exception of the sufficiency arguments, are
identical to those raised in the companion appeal. For the reasons we stated in that opinion, in this
case, we likewise find no reversible error on those bases. We now turn to the contention of error
involving legal and factual sufficiency as to this complainant, H.M.
            In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing the factual sufficiency of the evidence, we are required to determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668,
at *20 (Tex. Crim. App. Apr. 21, 2004). There are two ways in which we may find the evidence to
be factually insufficient. First, if the evidence supporting the verdict, considered alone, is too weak
to support the jury's finding of guilt beyond a reasonable doubt, then we must find the evidence
insufficient. Id. Second, if—when we weigh the evidence supporting and contravening the
conviction—we conclude that the contrary evidence is strong enough that the State could not have
met its burden of proof, we must find the evidence insufficient. Id. "Stated another way, evidence
supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard." Id. If the evidence is factually insufficient, then we must reverse the
judgment and remand for a new trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). 
            H.M. testified that she and the complainant in the companion case, B.B., were playing a game
called the "maze game," which involved taking gymnastics mats and making tunnels out of them. 
H.M. testified that B.B. went to the bathroom, and while she was gone, May touched her on the
breast, and then also testified that she thought he was trying to touch her on her "private," but that
she pushed his hand away. She was questioned about a statement she had made to Ada McCloud
(the interviewer for Children's Advocacy Center), that he had also tried to touch her on the buttocks,
but at trial clarified that statement, testifying that, "[i]t looked like he was reaching there towards my
buttocks."
            Indecency with a child occurs when a person has "sexual contact" with a child younger than
seventeen years old who is not the spouse of that person. Tex. Pen. Code Ann. § 21.11(a)(1)
(Vernon 2003). Sexual contact is any touching by a person of the breast of a child with intent to
arouse or gratify the sexual desire of any person. Tex. Pen. Code Ann. § 21.11(c)(1) (Vernon
2003). 
            The testimony of H.M. describes such a touching. Intent can be inferred from the conduct
and surrounding circumstances. Couchman v. State, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth
1999, pet. ref'd); Santos v. State, 961 S.W.2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref'd). When reviewed most favorably to the verdict, the evidence is legally sufficient to allow a
rational trier of fact to determine all elements of the offense beyond a reasonable doubt.
            In our factual review, however, we look at all of H.M.'s other statements and testimony, and
all of the other evidence, including the videotape of her interview by the State. 
            A.A. and Denise Alderete testified for the defense. They are daughter and mother, and are
related to the complainant. A.A. testified that B.B. had told her May had only touched her on her
bottom with a "noodle" (a swimming toy) while playing a game. When B.B. was asked why she was
making up the story, she told her that she was the only one anything ever happened to, and that
nothing had happened to H.M. A.A. testified that B.B. had denied categorically that May had
engaged in oral sex with her and that B.B. told her that she made up the story to get money for her
and her boyfriend. A.A. also testified that H.M. had admitted that her story was not true and that she
wanted to come forward and say so, but was afraid she would get in trouble and lose her friendship
with B.B. 
            A.A. also testified she was present when B.B. and H.M. came to A.A.'s mother's house and
talked to her on the porch, describing their explanation in these words:
They were laughing, turning cartwheels, doing flip-flops in the front yard, and they,
I mean, they were just like smiling. And when they were telling us what had -- what
was going on, [B.B.] would be saying something or [H.M.] would be saying
something and [B.B.] would say, "huh-uh (negative), that isn't how to say it," and like
elbow her. And she'd be like, "Do you remember this?" And [H.M.]'s like, "No."
And she'd elbow her, and she was like "Oh, yeah. Oh, yeah." And they would go off
to the side and start saying some more things, you know. And we were just like, so
what happened? What happened? And one was saying one story and the other was
saying a different one. 

            A.A.'s mother, Denise, testified to a sequence of events that confirmed her daughter's story
about the porch discussion in all respects. Carol Baird, B.B.'s grandmother, went to Denise's home
with B.B. and H.M. to ask if anything untoward had happened with A.A. or her sister, both of whom
had also taken lessons from May. On finding out that nothing at all had occurred, B.B. and H.M.
were then asked to recount their stories.
            Baird testified the children told their stories in a more serious manner and denied that any
coaching occurred. H.M. initially did not deny that, when she told Amanda about the allegations,
she and B.B. were whispering and elbowing each other. Immediately after that statement, H.M.
testified she did not remember whether it had happened, and finally stated it did not happen. H.M.
also testified that May did not try to touch her on the buttocks, but had stated in an interview that he
had tried to touch her buttocks. 
            May went (on two successive occasions) to the Longview Police Department for an
interview, where he was confronted with allegations by these two former gymnastics students that
he had touched them inappropriately. Detective Vanover testified that May said he would be willing
to get some help if the detective thought he had a problem with young girls, and testified that May
stated he might have accidentally touched the girls on the buttocks during gymnastics practice. 
            In this case, although the evidence is conflicting, including some contradictions in the
testimony of H.M., we conclude that the evidence meets the requisite standard. The contrary
evidence—both from other sources and from the complainant herself, is not strong enough to require
us to find that, in this case, the jury could not have reasonably concluded that the State proved its
case beyond a reasonable doubt. See Zuniga, 2004 Tex. Crim. App. LEXIS 668, at *20. The
contention of error is overruled.
            For the reasons set out above, we affirm. 



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 23, 2004
Date Decided:             June 24, 2004

Do Not Publish