Opinion issued December 28, 2006 

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00306-CR






IVAN DAVID COLON A/K/A FERNEY CUESTA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1026655






MEMORANDUM OPINION


 A jury found appellant, Ivan David Colon a/k/a Ferney Cuesta, guilty of murder
and assessed punishment at confinement for life. In his sole issue on appeal,
appellant contends that the evidence is factually insufficient to support his conviction. 
We affirm.

BACKGROUND

 On Christmas Eve 2004, Montgomery Barrett and his friend, William Rivera,
decided to go to a club in Houston. The two picked up Barrett's sister, Jacqueline,
and the three eventually stopped at Club Salsero on Richmond Avenue at
approximately 1:30 a.m. They stayed inside until the club closed at 3:00 a.m. 
Jacqueline went to get the car, while Barrett and Rivera waited near the front door. 
As they waited, Barrett and Rivera began talking to two women who were seated
inside a black Ford Escape SUV. The younger of the women, who was seated in the
back seat, warned Barrett and Rivera that her uncle was "real jealous" and "kind of
crazy."

 Appellant then came around the vehicle and began arguing with Rivera, who
was standing closest to the vehicle. Appellant and Rivera argued for a few moments,
then appellant went to the driver's side of the vehicle, reached across into the glove
compartment, and pulled out a silver revolver. The woman sitting in the front seat
grabbed appellant's arm, but was unable to stop him. Barrett began running away,
but appellant chased after him. The men ran between the cars in the parking lot
before Rivera finally turned to face appellant. The men struggled over the gun, and
appellant fired the gun twice. Rivera staggered and fell. Appellant then walked over
and shot Rivera several more times as Rivera lay on the pavement. Appellant yelled,
"I told you not to get with me," and then drove off in a black car.

 Julian Hernandez, a security guard at the Club Salsera, witnessed the event. 
He saw Rivera and a man he identified as appellant arguing outside the club, and
wrote down the license plate number of the SUV. Hernandez approached appellant
and asked if there was a problem. Hernandez's attention was momentarily diverted
to another car, and when he looked back, appellant had pulled out a gun. Hernandez
said that appellant fired once in the air and then fired a second time, striking Rivera. 
Rivera tried to run, but fell. Appellant then shot Rivera two more times as he lay on
the ground.

 The police traced the license plate number that Hernandez had obtained to
Melissa Rivera, appellant's wife. The police then prepared a photospread to show to
Hernandez. Hernandez positively identified appellant as the shooter he had seen at
the club that night.

 Based on Hernandez's positive identification, the police obtained a warrant and
arrested appellant. Hernandez also positively identified appellant at trial.

 At trial, appellant, testifying on his own behalf, stated that he did not go out on
Christmas Eve, but spent it drinking with a friend named "Nelson," at Nelson's house. 
Appellant said that the two men drank until about 4:30 a.m., at which time he went
to sleep. He testified that they got up on Christmas Day at around 3:00 p.m. and
began drinking again.

 However, on cross-examination, appellant admitted that he was in Mexico on
Christmas day and that he was "sent back" to Brownsville because he did not have
the proper documentation to enter Mexico.

FACTUAL SUFFICIENCY

 In his sole point of error, appellant contends the evidence is factually
insufficient to support his conviction. Specifically, he argues that the identification
evidence is insufficient because Hernandez did not identify him in the photospread
until eight months after the shooting, and no other witnesses were able to positively
identify him as the shooter.

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the first prong of
Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim.
App. 2006). Under the second prong of Johnson, we cannot declare that a conflict
in the evidence justifies a new trial simply because we disagree with the jury's
resolution of that conflict. Id. Before finding that evidence is factually insufficient
to support a verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury's verdict. Id. In conducting a factual-sufficiency
review, we must also discuss the evidence that, according to the appellant, most
undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). We may not reweigh the evidence and substitute our judgment for that
of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the
credibility of the witnesses, the fact finder may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.5.

 In this case, Hernandez, the security guard, identified appellant as the shooter
both at trial and in a photospread shown to him by the police. He testified that the
light in the parking lot was good and that he could see what was happening. 
Hernandez testified that he was sure appellant was the shooter "[b]ecause when it
happens, it stays in your mind. It just locks in." Although Barrett and Jacqueline
were not able to positively identify appellant as the shooter, Barrett admitted that he
was intoxicated that evening and Jacqueline testified that appellant "looked familiar." 
No one identified anyone other than appellant as the shooter.

 Appellant relies on Ward v. State, 48 S.W.3d 383 (Tex. App.--Waco 2001, pet.
ref'd), which we find distinguishable. In Ward, a truck driver was robbed in a
convenience store by a black man wearing a tan sports jacket, no shirt, and a plastic
cap with a baseball cap over it. 48 S.W.3d at 385. A customer saw someone running
away from the store after the robbery, but testified that the person he saw was not the
defendant, but another ma, named "Nate." Id. Additionally, four of the defendant's
coworkers testified that he was at work the day of the robbery. Id. at 386. 
Nevertheless, at trial, the complainant and a store employee identified appellant as the
robber. Id. The court of appeals held that the evidence was factually insufficient to
support the defendant's conviction because the time line was unlikely, the events did
not "make sense," there was no evidence of a motive, the State never challenged the
appellant's alibi defense, and there was another plausible suspect. Id. at 391. 

 In contrast, in this case, a disinterested witness identified appellant as the
murderer. The vehicle from which the murderer retrieved the weapon was registered
to appellant's wife. The State did challenge appellant's alibi evidence. Appellant
first testified that he was at "Nelson's" house on Christmas Eve and the following
day. However, on cross-examination, appellant admitted that he was in Mexico on
Christmas Eve and that he was detained and sent back to Brownsville the next day. 
In fact, the jury could have considered appellant's attempted flight to Mexico as
evidence of his guilt. See Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim. App.
1994) (noting that evidence of flight shows a consciousness of guilt of crime for
which defendant is on trial); Santos v. State, 961 S.W.2d 304, 305 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd) (noting that admissibility of flight to
prove consciousness of guilt is long-established rule). The State also introduced
evidence of a motive--Rivera was talking to the women in the black SUV and one
of the women said that her uncle was "real jealous" and "kind of crazy." Finally, we
note that there was no other plausible suspect, as there was in Ward.

 Based on the record before us, we cannot conclude that (1) the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is
against the great weight and preponderance of the evidence. Johnson, 23 S.W.3d at
11. 

 Accordingly, we overrule appellant's sole point of error.

CONCLUSION

 We affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b).