Opinion issued October 16, 2003










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00594-CR




TAVARES DESHON JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 896294




MEMORANDUM OPINION

          A jury convicted appellant, Tavares Deshon Johnson, of indecency with a
child. The trial court assessed punishment at confinement for three years. On appeal,
appellant contends (1) the evidence was legally and factually insufficient to convict
him because the complainant’s testimony was not credible; and (2) the evidence was
legally and factually insufficient to convict him because the State did not show that
appellant’s actions were done to arouse or gratify his sexual desire.
          We affirm.
FACTS
A.      The State’s Version of the Facts
          The State’s case centered around the testimony of the complainant, E.J., and
her cousin, A.D. These witnesses both testified that, on November 19, 2001, 15-year-
old E.J. and 14-year-old A.D. were walking home from school in Houston. At around
4:00 or 4:30 p.m., as the girls walked side-by-side down Heatherbloom Street,
appellant passed them in a maroon and grey car. After passing E.J. and A.D.,
appellant circled back and pulled up along the left side of the girls. E.J. and A.D.
continued to walk, but appellant drove slowly beside them with his passenger-side
window down.
          Through the open passenger-side window, appellant asked the girls how old
they were and if they wanted a ride. When the girls looked through the open window,
they saw appellant smiling and masturbating his exposed penis. E.J. and A.D.
quickened their pace; however, appellant continued to follow them, repeatedly asking
the girls’ ages and whether they wanted a ride. Appellant followed alongside E.J. and
A.D. for two to five minutes, until E.J. saw some boys she knew and called to the
boys. When E.J. called to the boys, appellant sped away. As appellant sped away,
the girls noted the license plate number of the car he was driving.
          Houston Police Department juvenile sex crimes investigator, Steven Hein,
determined that the license plate number noted by the girls belonged to a maroon and
grey car registered to appellant’s wife, Pamela Brown Johnson. Officer Hein
compiled a photo spread that included a picture of appellant and five other similar
looking men. Officer Hein then met separately with E.J. and A.D. at their school. At
these meetings, both E.J. and A.D. positively identified appellant from the photo
spread as the man who had exposed himself to them. During these meetings, Officer
Hein also showed E.J. and A.D. photos of the car registered to appellant’s wife. Both 
E.J. and A.D. identified the car as the same car driven by the man who had exposed
himself. At trial, E.J. and A.D. testified outside of each other’s presence. Both girls
identified appellant as the man who exposed himself to them on November 19, 2001.
B.      Appellant’s Version of the Facts
          Appellant admitted to driving his wife’s maroon and grey car on November 19,
2001; however, appellant denied ever exposing himself to E.J. and A.D. 
          Appellant claimed that he ran several errands on November 19, 2001, none of
which required him to drive on Heatherbloom. Specifically, appellant testified that,
on November 19, 2001, he had been at his sister-in-law’s apartment from 11:00 a.m.
to 3:30 p.m. At 3:30 p.m., appellant drove another sister-in-law, Tasharra Brown, to
a high school, to her grandmother’s house, and then back to the apartment where
appellant had stayed earlier in the day. Appellant then picked up his wife from work. 
Appellant’s wife “punched out” of work at 5:17 p.m. Appellant’s testimony was
corroborated by his wife and Tasharra Brown, both of whom testified at trial.
INDECENCY WITH A CHILD
          A person commits the offense of indecency with a child if that person (1)
exposes the person’s anus or any part of the person’s genitals knowing that a child is
present, (2) with the intent to arouse or gratify the sexual desire of any person, and
(3) the child is younger than 17 years and not the person’s spouse. Tex. Pen. Code
Ann. § 21.11(a)(2)(A) (Vernon 2003). Indecency with a child requires the specific
intent to arouse or gratify the sexual desire of any person. Id.; Santos v. State, 961
S.W.2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The specific
intent to gratify the sexual desire of any person may be inferred from a person’s
conduct, a person’s remarks, and all surrounding circumstances. Santos, 961 S.W.2d
at 308.
SUFFICIENCY OF THE EVIDENCE
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support the verdict because E.J.’s testimony was
not credible. In his third and fourth points of error, appellant contends that the
evidence was legally and factually insufficient to support the verdict because the State
failed to show that appellant exposed himself with the intent to gratify his own sexual
desire.
A.      Standards of Review
          In a legal-sufficiency review, we view the evidence in the light most favorable
to the prosecution to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). If there is evidence to establish that
the defendant is guilty beyond a reasonable doubt, and the trier of fact believes that
evidence, we cannot reverse the judgment on sufficiency of the evidence grounds. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
          Furthermore, although a legal-sufficiency analysis entails a consideration of all
evidence presented at trial, we may neither re-weigh the evidence nor substitute our
judgment for the jury’s. King, 29 S.W.3d at 562. The jury, as the trier of fact, is the
sole judge of the credibility of the witnesses. Obigbo v. State, 6 S.W.3d 299, 304
(Tex. App.—Dallas 1999, pet. ref’d). The jury may choose to believe or disbelieve
any portion of a witness’s testimony or may believe one witness and not another. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When conflicting
evidence is presented at trial, we presume the trier of fact resolved all conflicts in
favor of the prevailing party. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993). 
          In a factual-sufficiency review, we take a neutral view of the evidence, both for
and against the finding, to determine (1) if the proof of guilt is so obviously weak as
to undermine confidence in the jury’s determination, or (2) if the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. King, 29
S.W.3d at 563. In our review, we must consider the most important evidence that the
appellant claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003). 
          It is within the exclusive purview of the jury to determine the credibility of
witnesses and the weight to be given witness testimony. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000); In re L.R., 84 S.W.3d 701, 705 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Moreover, when conflicts of evidence
appear, it is within the exclusive purview of the jury to reconcile such conflicts. 
Margraves, 34 S.W.3d at 919 (quoting Losada v. State, 721 S.W.2d 305, 309 (Tex.
Crim. App. 1986)). The jury’s determination may be reversed only upon a finding
that a manifest injustice has occurred. King, 29 S.W.3d at 563. 
B.      E.J.’s Testimony
          In his first and second points of error, appellant argues that the lack of
corroborating physical evidence along with the contradicting testimony of himself,
his wife, and his sister-in-law undermine E.J.’s testimony to such an extent that “a
reviewing court cannot have confidence in a verdict supported by the witness’s
testimony.”
          1.       Legal Sufficiency
          E.J. testified that appellant exposed himself to her and A.D., smiled at them,
asked if they needed a ride, inquired as to their age, and continued to follow them as
they walked faster to avoid him. E.J. also testified that she was only 15 years old on
the day in question. Conversely, appellant presented evidence that he was running
errands that afternoon and that he neither drove down Heatherbloom nor exposed
himself to E.J. and A.D. 
          The jury, as the exclusive judge of witness credibility, was entitled to believe
E.J. and not believe appellant or his witnesses. Margraves, 34 S.W.3d at 919. We
presume that the jury reconciled the conflicting evidence in favor of the State. 
Further, although many sex offenses would necessarily produce corroborating
physical evidence, some sex offenses do not. Lopez v. State, 18 S.W.3d 220, 224
(Tex. Crim. App. 2000). Indeed, considering the conduct alleged, it is not surprising
that no corroborating physical evidence was introduced in this case. Viewing the
evidence in the light most favorable to the jury’s verdict, a rational jury could have
found the evidence sufficient beyond a reasonable doubt to convict appellant of
indecency with a child.
          2.       Factual Sufficiency
          E.J.’s testimony concerning the events of November 19, 2001 was corroborated
by A.D. Furthermore, at the school meetings with Officer Hein, both E.J. and A.D.
positively identified appellant’s photograph as that of the man who exposed himself
to them. At the same meetings, both girls identified appellant’s wife’s car as the car
driven by the man who had exposed himself. Also, both girls identified appellant at
trial as the man who had exposed himself. Moreover, the license plate number noted
by the girls matched that of appellant’s wife’s car—the same car appellant admitted
driving on the day of the incident.
          Although appellant presented evidence that he was running errands on the day
in question and never drove down Heatherbloom Street, it was the exclusive purview
of the jury to reconcile the conflicting testimony. We will not second guess the jury’s
determination of the witnesses’ credibility. We conclude that the evidence of guilt
was not so obviously weak as to undermine confidence in the jury’s determination
and was not greatly outweighed by contrary proof. 
          Having found the evidence presented by the State to be both legally and
factually sufficient to support appellant’s conviction, we overrule appellant’s first and
second points of error.
 
 
C.      Appellant’s Intent
          In his third and fourth points of error, appellant argues that, since E.J. could
only see his exposed penis by looking through the open passenger-side window of the
car, the State did not prove his intent to arouse or gratify himself. However, the State
never alleged that appellant intended to arouse his own sexual desire. Rather, the
State alleged that appellant intended to arouse the sexual desire of E.J.
          1.       Legal Sufficiency
          Appellant followed E.J. and A.D., even as they quickened their pace in an
effort to avoid him. Also, appellant smiled at the girls and repeatedly asked the girls
how old they were and if they needed a ride. Further, both E.J. and A.D. testified that
they could see appellant masturbating his exposed penis when they looked through
the open passenger-side window of appellant’s car. Moreover, when E.J. saw boys
she knew and called out to them, appellant quickly sped away. 
          It was reasonable for the jury to infer from appellant’s conduct, his remarks,
and the surrounding circumstances that he intended to arouse or gratify E.J.’s sexual
desire. Viewing the evidence in the light most favorable to the jury’s verdict, we
conclude that a rational jury could have found the evidence sufficient beyond a
reasonable doubt to prove that appellant had the requisite intent to arouse or gratify
E.J.’s sexual desire. 
 
          2.       Factual Sufficiency
          Appellant followed along side E.J. and A.D. for two to five minutes with the
window closest to the girls open. Through this window, appellant attempted to
engage E.J. and A.D. in conversation, offering the girls a ride and smiling at them. 
In such a situation, appellant should have anticipated that E.J. would look through the
open window to respond to him. Indeed, an open window is certainly not indicative
of an effort to conceal one’s actions. 
          It was reasonable for the jury to conclude that appellant’s actions were meant
to arouse or gratify E.J.’s sexual desire. Therefore, we conclude that the evidence
regarding appellant’s intent to arouse or gratify the sexual desire of E.J. was not so
obviously weak as to undermine confidence in the jury’s determination and was not
greatly outweighed by contrary proof.
          Having found the evidence concerning appellant’s intent to be both legally and
factually sufficient to support appellant’s conviction, we overrule appellant’s third
and fourth points of error.
 
 
 
 
 
 
CONCLUSION
          We affirm the trial court’s judgment.



                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2.